# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CAT TECH LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1163 |
| | § | |
| TUBEMASTER, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on Plaintiff's Motion for Partial Summary Judgment of Infringement of Claim 1 ("Plaintiff's Motion") [Doc. # 68] and Defendant's Cross-Motion for Partial Summary Judgment ("Defendant's Motion") [Doc. # 70].[1]  Based on the Court's review of the record in this case, and the application of governing legal authorities, the Court **denies** both motions.

## I.   BACKGROUND

Plaintiff Cat Tech LLC ("Cat Tech") is the owner by assignment of United States Patent Number 6,694,802 ("the '802 Patent"), entitled "Delta P Testing System for Tube and Shell Type Catalytic Reactors."  The apparatus and system covered by the '802 Patent are used to conduct a differential pressure (or back pressure) test to

---

[1] Defendant filed a Response [Doc. # 70] to Plaintiff's Motion, and Plaintiff filed a joint Reply and Opposition to Defendant's Motion [Doc. # 73].  Defendant filed a Reply [Doc. # 74] in support of its Motion.

determine whether catalytic particles are properly loaded into the reactor tubes of a catalytic reactor. The differential pressure test can determine whether the catalytic particles are loaded in a fairly uniform state so that the flow through each tube is as similar as possible to the flow through the other tubes.

Cat Tech and TubeMaster, Inc. ("TubeMaster") each offer catalyst handling services that include conducting differential pressure testing of catalyst-loaded reactor tubes. Cat Tech sued TubeMaster, alleging that TubeMaster markets and uses catalytic reactor tube testing equipment and services that infringe the '802 Patent. TubeMaster has denied that its catalyst handling equipment or services infringe Cat Tech's patent.

The Court, after conducting a hearing on claim construction, issued its Memorandum on Claim Construction [Doc. # 67] on March 6, 2008. The parties subsequently filed cross-motions for summary judgment, which have been fully briefed and are ripe for decision.

## II.   STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).  "When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at a trial on the merits."  *SRAM Corp. v. AD-II Engineering, Inc.*, 465 F.3d 1351, 1357 (Fed. Cir. 2006).  Summary judgment on infringement is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  *Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372, 1376 (Fed. Cir. 2005 (citations omitted).  The infringement analysis at the summary judgment stage requires the Court to compare the patent claims as construed with the accused device.  *See id.*  Summary judgment should be denied if the evidence would permit a reasonable fact-finder to return a verdict for the nonmoving party.  *See id.*

## III. INFRINGEMENT CLAIM

### A. Applicable Legal Standard

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent."  35 U.S.C. § 271(a); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.* 420 F.3d 1369, 1375 (Fed. Cir. 2005).  "A determination of patent infringement requires a two-step analysis:  first, the meaning of the claim language is construed, then the facts are applied to determine if the accused device falls within the scope of the claims as

interpreted." *MBO Lab., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1329 (Fed. Cir. 2007). The Court construed the meaning of the disputed claim terms in its Memorandum on Claim Construction [Doc. # 67].

The second step, "comparison of the claims to the accused device, is a question of fact, and requires a determination that every claim limitation or its equivalent be found in the accused device." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1343 (Fed. Cir. 2006). The comparison is only to the patent claims, not to any specific embodiment in the patent specification or to the patent holder's commercial embodiment. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003). The patent holder bears the burden of proving infringement by a preponderance of the evidence. *See Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005); *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1355 (Fed. Cir. 2005).

**B.    Analysis**

Plaintiff has presented evidence that the accused device contains each limitation of Claim 1 of the '802 Patent. Plaintiff's evidence is uncontroverted except as to the requirement that the apparatus conduct simultaneous testing of multiple catalyst-filled reactor tubes. The Court construed Claim 1 of the '802 Patent to require that "the testing tubes on the mobile support device are simultaneously positioned over and

sealed with corresponding reactor tubes such that the gas pressure can simultaneously communicate into the reactor tubes to obtain a back pressure measurement." *See* Memorandum on Claim Construction [Doc. # 67], pp. 16-17.

Plaintiff has presented evidence from which a reasonable factfinder could determine that the accused device used by TubeMaster satisfies the simultaneous testing requirement of Claim 1. The evidence consists primarily of documents in which TubeMaster describes its device as testing simultaneously. For example, Plaintiff has presented a TubeMaster application for research funding (Exh. F to Plaintiff's Motion), a page from TubeMaster's website (Exh. G), several emails from TubeMaster representatives (Exhs. H-P), TubeMaster reports to customers (Exhs. Q-R), and the TubeMaster Equipment Operations Manual (Exh. S). In these documents, TubeMaster describes its device as capable of accomplishing simultaneous testing of multiple tubes.

Defendant has presented evidence that its accused device has only one pressure sensor and, therefore, can measure the back pressure of only one tube at a time. Defendant's evidence consists of the Declaration of Munaf Chasmawala, a TubeMaster employee. *See* Chasmawala Declaration, Exh. B to Defendant's Motion.

Defendant argues correctly that infringement is to be determined by comparing the patent claims as construed by the Court with the accused device, not with

advertising and other comments about the accused device. Nonetheless, TubeMaster's repeated description of its device as capable of simultaneous testing raises a genuine issue of material fact regarding whether the accused device truly has that capability. As a result, summary judgment is not appropriate.

Plaintiff argues that Claim 1 of the '802 Patent does not require that the back pressure of multiple tubes be "measured" simultaneously. As was discussed at length in the Memorandum on Claim Construction, Plaintiff represented to the United States Patent and Trademark Office ("PTO") that the apparatus covered by the '802 Patent was capable of "accomplishing" simultaneous testing. *See* Memorandum on Claim Construction, pp. 11, 13-14. Based on Plaintiff's repeated, clear, unambiguous statements to the PTO that the patented device could accomplish simultaneous testing, the Court in its claim construction ruling noted that "testing" is not complete "without the further steps of placing the air into the tubes and obtaining a measurement of the back pressure." *See* Memorandum on Claim Construction, pp. 15-16. For the same reason, the Court again rejects Plaintiff's argument that "testing" does not include obtaining a back pressure measurement.

The parties have presented conflicting evidence regarding whether TubeMaster's accused device can simultaneously test multiple catalyst-filled reactor tubes. As a result, a reasonable juror could find either that the accused device can

accomplish simultaneous testing or that it cannot do so. Summary judgment on this dispositive issue is inappropriate.

## IV. CONCLUSION AND ORDER

The evidence in the record is disputed and raises a genuine fact issue regarding whether Defendant's apparatus infringes Claim 1 of the '802 Patent. Specifically, there is disputed evidence regarding whether Defendant's testing apparatus and system can test multiple tubes simultaneously. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment on Infringement of Claim 1 [Doc. # 68] and Defendant's Motion for Partial Summary Judgment [Doc. # 70] are **DENIED**.

SIGNED at Houston, Texas, this **25th** day of **April, 2008**.

_____
Nancy F. Atlas
United States District Judge